IRVEN MOSS and LENA MOSKOVITZ, complainants-respondents,

*v.*

MAX JACOBOWITZ and MORRIS A. JACOBOWITZ, individually and as co-partners, trading as HUDSON COUNTY TOBACCO COMPANY, and HUDSON COUNTY TOBACCO COMPANY, TRENTON BRANCH, INC., a corporation, defendants-appellants.

[Submitted October term, 1939. Decided January 25th, 1940.]

*Messrs. Perlman & Lerner (Mr. Sol Phillips Perlman,* of counsel), for the complainants-respondents.

*Mr. Louis P. Brenner* and *Messrs. Gross & Gross (Mr. Isaac Gross),* for the defendants-appellants.

BROGAN, CHIEF-JUSTICE.

This is an appeal from a decree directing that the defendants Max and Morris Jacobowitz, individually and as co-partners, trading as Hudson County Tobacco Company, account

for moneys due to Hudson County Tobacco Company, Trenton Branch, a corporation. The decree very comprehensively details the scope of the accounting, including moneys loaned, goods sold by the corporation to the advantage of the individual defendants, and much more, but further particularization serves no purpose.

The complainants are Lena Moskovitz, beneficial owner of seventy-five shares of stock of the corporation (out of a total of 550 shares owned by the individual defendants) and Irven Moss, her son, trustee of the mother's stock. Moss is a director and an officer of the company and claims that he was excluded from participation in the management of the business and indeed that information and knowledge of its affairs were kept from him.

It may well be that the complainants are entitled to have a decree for an accounting but on the record before us the decree advised cannot be upheld. In the first place, there is no testimony at all upon which the decree may be justified. No testimony was taken, no evidence presented. The thin record before us consists of statements by counsel and colloquy between court and counsel. Complainants' solicitor made an opening statement to the court outlining the scope of the bill and what he intended to prove. The solicitor for the defendant said, among other things, that the complainants were entitled to no relief because Irven Moss, representing his mother on the board of directors, acquiesced in everything that was done, about which complaint is made; but he also, in his statement, said that the facts alleged were disputed; that he was "prepared to meet the questions of fact and to dispute the right" to an accounting. After this colloquy the court advised the decree under review.

The brief of the respondents charges that the record, slender as it is, is not complete; points out that the defendants' answer does not plead acquiescence, upon which the complainants' bill was resisted; and that there was no motion that the answer be amended to include acquiescence as a plea and that appellants have no right to urge here that there was acquiescence by Moss. However that may be, we take the record as we find it. There was no formal objection to the

record by counsel of the complainants, who now raises the point, at any time. The appellants assert the right to set up complainants' acquiescence here. They have no such right. This court may order an amendment if the amendment sought is within the issue raised by the proofs but only to accomplish an affirmance of the judgment or decree, never a reversal. The amendment could not be permitted here for two reasons—first, there were no proofs of any kind whatever and, second, assuming that acquiescence would defeat the complainants' right, it could not be allowed here for the purpose of effecting a reversal. This, as a matter of law, is entirely settled. *Boniewsky* v. *Polish Home of Lodi, 103 N. J. Law 323.*

The decree will be vacated and the cause remanded to the Court of Chancery for final hearing of the cause.

*For affirmance*—None.

